José A. Santiago Sánchez, Plaintiff and Appellee, *v.* Puerto Rico Water Resources Authority, Defendant and Appellant.

No. R-67-238.     Decided October 9, 1968.

*José Antonio Arabia* and *Carlos M. Díaz Lamoutte* for appellant. *Gilberto Ortiz Rodríguez* for appellee.

First Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Blanco Lugo, Mr. Justice Rigau, and Mr. Justice Ramírez Bages.

MR. JUSTICE RIGAU delivered the opinion of the Court.

On the night of the events, a Friday at 10:30 p.m., plaintiff, a person of legal age, was returning to his house after being at a dominoes game. He was walking in the rural zone in the municipality of Patillas. There defendant operates installations of the Irrigation System in the Southern Coast. At the scene of the accident there is a cylindrical cement pipe, four feet in diameter, which is a part of said Irrigation System and which crosses the bed of a stream at a height of 10 feet from the ground. On the date of the accident the bed of the stream was dry. Plaintiff, instead of crossing said bed by land, decided to cross it by walking on the pipe. He slipped and fell down receiving slight injuries. There were no fractures. He recovered completely.

The trial court assessed the damages at $1,000 and distributed the negligence half and half. Consequently it ordered defendant to pay $500 to plaintiff. Although it was a small sum, we granted defendant's petition to review what prima facie seemed to us an error of law. Actually it is so. Plaintiff was a trespasser. The pipe in question was not a public road or had the purpose of serving as a public or private road. On the contrary the evidence showed that the Authority had constructed a fence prohibiting the passage on that pipe; that on several occasions the fence had been torn down; and that several times the Authority had replaced it. When the accident occurred the fence had been torn down again. That, evidently, did not constitute an invitation to plaintiff to climb on the pipe. Restatement of Torts Second, §§ 329, 333 (1965); Prosser, On Torts 365 (3d ed. 1964); *Pérez Vázquez* v. *Heirs of Amill,* 89 P.R.R. 363 (1963).

Walking on a pipe at a height of 10 feet from the ground obviously involves risks, even more in the case of an adult. It has been acknowledged judicially and through rulings that even children, except those of very tender age,

recognize the danger presented by water, fire, and height. *Díaz Colón* v. *Land Authority, ante,* p. 42; *Vargas* v. *Water Resources Authority,* 86 P.R.R. 99, 102 (1962); Restatement of Torts Second, § 339, commentary (j); 2 Harper & James, The Law of Torts 1452, § 27.5 (1956).

For the reasons stated, the judgment rendered in this case by the Superior Court, Guayama Part, on May 26, 1967, will be reversed and another rendered instead dismissing the complaint.